FILED

NOT FOR PUBLICATION

NOV 09 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



LANCE DEON HAWES,

Petitioner - Appellant,

v.

JACK PALMER and NEVADA ATTORNEY GENERAL,

Respondents - Appellees.

No. 14-15805

D.C. No. 3:10-cv-00655-RCJ-VPC

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted October 21, 2015
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and McKEOWN, Circuit
Judges.

Petitioner Lance Hawes appeals the district court's dismissal of his *pro se*

petition for federal habeas relief from a state court conviction.  In the district court,

the state moved to dismiss Hawes's petition as unexhausted, and Hawes requested

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

a stay to return to the state court to effectuate exhaustion. The district court denied Hawes's request and required him to abandon his unexhausted claims or suffer a dismissal of the entire petition. Hawes, with explicit protest, abandoned the unexhausted claims. Afterward, the district court addressed the remaining claims on the merits. On appeal, through his appointed counsel, Hawes argues that the district court abused its discretion by denying the stay and requiring Hawes to dismiss his claims. He also requests that this court grant a certificate of appealability on one uncertified issue: that Hawes's counsel on direct appeal to the Nevada Supreme Court was ineffective for failing to raise a Confrontation Clause claim.

We agree that the district court abused its discretion by requiring Hawes to dismiss his claims because the district court failed to consider whether Hawes had a remedy available in state court. As the government notes in its answering brief and Hawes acknowledged at oral argument, Nevada's procedural rules would bar any new state petition. *See* Nevada Revised Statutes §§ 34.726, 34.800, 34.810. Therefore, the district court should have treated the unexhausted claims as exhausted for federal habeas purposes, and then analyzed whether petitioner had established cause and prejudice to overcome the state procedural bar. *See Casey v. Moore*, 386 F.3d 896, 920–22 (9th Cir. 2004) ("Because at the time [the petitioner]

2

filed for habeas relief in the federal district court no further state remedies were available to him, his claims are exhausted."). Instead of conducting that analysis, the district court required the petitioner to dismiss the claims under the erroneous assumption that he still had viable state court remedies. Accordingly, on remand, the district court should reinstate Hawes's dismissed claims and consider whether Hawes can show cause and prejudice to overcome the procedural default of any claims that were not properly presented to the state's highest court.[1]

We do not address Hawes's uncertified issue because it differs from the claim considered by the district court. The district court addressed whether Hawes's counsel was ineffective for failing to raise a hearsay challenge on direct appeal. Here, Hawes asks us to consider whether counsel was ineffective for failing to raise a Confrontation Clause challenge on direct appeal. On remand, the district court should consider, in the first instance, whether Hawes's *pro se* petition properly presented this claim and, if so, its merit.

**REVERSED AND REMANDED.**

---

[1] At oral argument, Hawes's appointed counsel suggested that some of the dismissed claims had, in fact, been presented to the state's highest court. On remand, Hawes should be permitted to clarify which claims, if any, were properly presented. Those claims, of course, would not be procedurally defaulted and Hawes would not need to show cause or prejudice in order to have those claims addressed on the merits.